## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BAKER DC, LLC**<br>**1110 Vermont Avenue, NW**<br>**Washington, D.C. 20005,**<br><br>        **Plaintiff,**<br><br>        v.<br><br>**NATIONAL LABOR RELATIONS BOARD**<br>**1099 Fourteenth Street, NW**<br>**Washington, D.C. 20570,**<br><br>        **Defendant.** | **Case No.** |

## COMPLAINT

1.      On April 14, 2015, the National Labor Relations Board ("the Board") put into effect a new Rule entitled "Representation – Case Procedures; Final Rule," 29 C.F.R. Parts 101, 102, and 103, 79 Fed. Reg. 74308 (Dec. 15, 2014) (hereafter the "new Rule").

2.      The new Rule went into effect notwithstanding a pending legal challenge filed in this district by a broad coalition of trade associations representing millions of businesses throughout the country, who have alleged that the new Rule violates the National Labor Relations Act ("the Act") and the Administrative Procedure Act (the "APA").[1]

3.      On April 15, 2015, the United Construction Workers Local Union No. 202-Metropolitan Regional Council of Carpenters ("the Union") filed a petition with the National Labor Relations Board (the "Board") seeking to represent employees of Baker DC, LLC

---

[1] *See Chamber of Commerce of the United States of America, et al v. NLRB, Case No. 15-cv-00009-ABJ.* Dispositive cross-motions have been filed in that case and have been fully briefed by the parties.

("Baker") working as carpenters and laborers on construction sites in the Washington, D.C. metropolitan area. The Board has indicated to Baker its intent to process the petition in all respects under the new Rule.

4.      Among other dramatic changes to the representation election process, the new Rule:

a.      Requires employers to post a notice of election constituting compelled speech prior to any determination by the Board that the petition has sufficient merit to require an election to be held;

b.      Requires employers to file a burdensome written Statement of Position prior to any hearing being held, upon penalty of precluding employers from presenting evidence at the hearing on any issue not addressed in the Statement, contrary to the rights given to employers to present such evidence in Section 9 of the Act;

c.      Requires employers to disclose to a petitioning union confidential information about employees inside and outside the petitioned-for unit prior to any hearing being held, upon the same unlawful penalty;

d.      Postpones evidence taking and litigation over critical issues of voter eligibility until *after* an election takes place;

e.      Requires employers to turn over employees' highly personal and private information such as personal phone numbers and e-mail addresses to labor organizations within two business days after a decision and direction of election is issued;.

f.      Sharply limits the opportunity for employers to seek pre-election Board

review, and a stay of the election, by eliminating a 25-day automatic waiting period for such review; and

g.      Eliminates employers' automatic right to post-election Board review (post-election review would now be discretionary).

5.      Because the new Rule offends the First and Fifth Amendments of the Constitution of the United States, contravenes clear Congressional requirements, and is arbitrary and capricious, it should be held unlawful and set aside.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under and concerns provisions of the Act, the Administrative Procedure Act ("the APA"), and the Free Speech Clause of the First Amendment and the Due Process Clause of the Fifth Amendment to the Constitution of the United States.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because (i) the Board resides in the District of Columbia; (ii) a substantial part of the events giving rise to this claim including hearings and other actions taken by the Board in promulgating the new Rule— occurred in the District of Columbia; and (iii) Baker is headquartered and does business in the District of Columbia.

## PARTIES

8.      The Board is an independent federal agency in the Executive Branch and is subject to the APA. The Board's headquarters are located at 1099 Fourteenth Street, NW, Washington, D.C. 20570.

9.      Baker is a concrete contractor operating in the greater Washington DC area from its headquarters location at 1100 Vermont Ave., N.W., Washington, D.C. 20005. Baker specializes in commercial "cast in place" concrete construction, restoration, retrofit, specialty

underpinning work, and blast fortification.

10.     Baker employs employees who are covered by the Act and are subject to the Board's rules regarding union organizing, to the extent that such rules are consistent with the Act. Baker's employees are not currently covered by a union. However, as noted above, the Union filed a petition with the Board on April 15, 2015 seeking to represent Bakers working as carpenters and laborers on construction sites in the Washington, D.C. metropolitan area.

## STANDING AND RIPENESS

11.     The Board has indicated to Baker its intent to process the petition in all respects under the new Rule. Accordingly, Baker will imminently suffer concrete and substantial injury in fact, including **irreparable harm,** as a result of the new Rule.  Such harm includes but is not limited to the following:

   a. Compelled infringement of Baker's free speech rights due to the newly required posting of a notice of election on or before April 17, 2015, (two business days after receipt of the Notice of Petition from the Board);

   b. Unprecedented compelled pre-hearing disclosure of the names and locations of Baker's employees' to an outside third party (the Union), upon penalty of being precluded from presenting evidence relating to the voting eligibility and appropriate unit of such employees, in direct violation of the Section 9(c)(1) of the Act;.

   c. Compelled filing by Baker of a newly required pre-hearing Statement of Position upon penalty of being precluded from presenting evidence relating to any issue not addressed in the Statement, in further violation of Section 9.

   d. Preclusion of Baker from presenting evidence on voter eligibility issues in violation of Congressional intent to allow all such evidence to be presented under the Taft-Hartley Act.

e. Unprecedented compelled post-hearing disclosure of private and personal phone numbers and e-mail addresses of Baker's employees, within the impracticable deadline of 2 business days following the Board's direction of election.

f. Infringement of Baker's free speech rights during the unlawfully abbreviated election campaign.

## CLAIMS FOR RELIEF

**COUNT I:     The New Rule Exceeds The Board's Authority Delegated By Congress By Imposing Unprecedented Disclosure Requirements On Baker, Including Compelled Disclosure Of Confidential, Personal and Private Information Regarding Their Employees.**

12.     Baker incorporates by reference each allegation in the above paragraphs as though fully set forth herein and further alleges as follows:

13.     Section 7 of the Act gives employees the right to "form, join, or assist" unions; to bargain collectively with their employer; or to refrain from engaging in such activities.

14.     Section 9(b) of the Act provides that the Board shall "assure to employees the fullest freedom in exercising the rights guaranteed by" the Act.

15.     Section 9(c)(1) of the Act, enacted as one of the Taft-Hartley amendments of 1947, requires that the Board to conduct an "appropriate hearing" with regard to all "questions concerning representation." As was made clear by Senator Robert Taft, chief sponsor of the Taft-Hartley Act, Congress intended by this language to require the Board to hold such hearings in order to "decide questions of unit and eligibility to vote." 93 Cong. Rec. 6858, 6860 (June 12, 1947).

16.     Nothing in the Act authorizes the Board to require employers to disclose the confidential names and work locations of their employees prior to a determination that a petition merits a direction of election after an appropriate hearing, upon penalty of being precluded from

presenting evidence regarding the voting eligibility or unit appropriateness of such employees. Section 102.63(b) of the new Rule nevertheless requires Baker and similarly situated employers to make such a disclosure upon penalty of otherwise being precluded from presenting evidence that Section 9(c)(1) guarantees to employers the right to present.

17.     Nothing in the Act authorizes the Board to require employers to disclose the personal and private phone numbers and personal email addresses of their employees within two business days after a direction of election is issues, or at any other time. Section 102.62 of the new Rule nevertheless requires such post-hearing disclosures, exceeding the Board's authority under the Act and constituting a gross invasion of employer and employee privacy contrary to the intent of Congress.

**Count II:     The New Rule Impermissibly Restricts Baker's Right To Present Evidence On Questions Concerning Representation At An Appropriate Hearing In Violation Of Section 9 and the Fifth Amendment to the U.S. Constitution.**

18.     Section 9 of the Act states that the Board "shall decide in each case" the unit that is appropriate for the purposes of collective bargaining. 29 U.S.C. § 159(b). Section 9(c) of the Act further provides that, when a petition for a representation election is filed, the Board must investigate that petition and "shall provide for an appropriate hearing upon due notice" before the election is held. 29 U.S.C. § 159(c)(1). The same provision provides that "[s]uch hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto."

19.     The new Rule violates the Act's requirement of an "appropriate" pre-election hearing by restricting Baker's ability to present evidence and litigate issues of voter eligibility or inclusion in the putative bargaining unit.  In particular, the requirement that Baker file a written Statement of Position on each and every potential that could arise during a hearing, at a time

when no pre-hearing discovery is permissible, upon penalty of precluding Baker from presenting evidence on unit and voter eligibility issues as expressly permitted by the Act, violates Section 9 and Congressional intent.

20.     The new Rule also conflicts with Section 9(c)(1)'s requirement that the Board's hearing officers "shall not make any recommendations with respect" to the hearings they conduct. The new Rule effectively vests hearing officers with decision-making authority regarding the evidence that will be admitted and the issues that will be litigated at the pre-election hearing.

21.     By authorizing hearing officers to prevent employers from litigating issues as to the eligibility of certain employees to vote in the election, and by limiting the available time for the Baker to communicate about the election and for employees to decide whether to vote for or against union representation, the new Rule fails to assure employees the "fullest freedom" in exercising their rights under Section 7 of the Act and is otherwise contrary to Section 9(b) of the Act.

22.     The new Rule also deprives Baker of due process in NLRB representation case proceedings, in violation of the Fifth Amendment, by preventing Baker from litigating issues of voter eligibility and inclusion at the pre-election hearing, and then denying Baker the right to seek any Board review of those issues, whether pre- or post-election, by making all Board review discretionary.

**Count III:     The New Rule Violates Baker's First Amendment and Statutory Rights of Free Speech.**

23.     Section 8(c) of the Act protects an employer's freedom of speech: "The expressing of any views, argument, or opinion, or the dissemination thereof, whether in written, printed, graphic, or visual form, shall not constitute or be evidence of an unfair labor practice

under any of the provisions of this Act, if such expression contains no threat of reprisals or force or promise of benefit." 29 U.S.C. § 158(c). Section 8(c) "implements the First Amendment" to the United States Constitution and "an employer's free speech right to communicate his views to his employees is firmly established and cannot be infringed by a union or the National Labor Relations Board." *Chamber of Commerce v. Brown,* 554 U.S. 60, 67-68 (2008); *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 617 (1969).

24.     Notwithstanding these requirements, the new Rule violates Baker's free speech rights by compelling Baker to engage in certain speech prior to the Board making any determination that an election will be held on the Union petition. Specifically, the new Rule requires Baker to post a new mandatory workplace notice to be posted within two days after the filing of a representation petition.   In the present case, because Baker received the Board's Notice of Petition on April 15, 2015, the new Rule unlawfully requires Baker to post the mandatory new notice by April 17, 2015.   The new Rule violates the D.C. Circuit's holding in *National Association of Manufacturers v. NLRB*, 717 F. 3d 947, 955 (D.C. Cir. 2013), overruled on other ground by *American Meat Inst. v. U.S Dept. of Agriculture*, 760 F. 3d 18 (D.C. Cir. 2014) (*en banc*).

25.     By enacting Section 8(c), Congress further directed that employers be given sufficient opportunity to meaningfully express their views in the election process. Specifically, Congress determined that employers, such as Baker, must have the opportunity to effectively communicate with their employees on the subjects of union organizing and collective bargaining. *Chamber of Commerce v. Brown, supra*, 554 U.S. at 67–68 (2008) (Section 8(c) reflects a "policy judgment, which suffuses the NLRA as a whole, as favoring uninhibited, robust, and wide open debate in labor disputes." (internal quotation omitted)); *Nat'l Ass'n of Manufacturers*

*v. NLRB*, 717 F.3d 947, 955 (D.C. Cir. 2013) (Section 8(c) "serves a labor law function of allowing employers to present an alternative view and information that a union would not present." (citation omitted)).

26.    The new Rule impermissibly curtails Baker's right to communicate with its employees by substantially shortening the period between an election petition and the holding of an election, and the new Rule impermissibly limits Baker's ability to exercise its rights under Section 8(c) of the Act and the First Amendment.

### COUNT IV: The Board's Actions Are Arbitrary and Capricious

27.    Baker incorporates by reference each allegation in the above paragraphs as though fully set forth herein and further alleges as follows:

28.    "The APA commands reviewing courts to 'hold unlawful and set aside' agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Thomas Jefferson University v. Shalala*, 512 U.S. 504, 512 (1994) (citing 5 U.S.C. § 706(2)(A)). The APA also requires courts to hold unlawful and set aside agency action that is not in accordance with procedure required by law. 5 U.S.C. § 706(2)(D).

29.    The new Rule is overly broad in changing election procedures in a manner impacting all cases, as the alleged "problems" identified by the Board to justify the new Rule exist only in a small fraction of cases.

30.    The new Rule seeks to arbitrarily expedite the election process, even though the data show that the Board already conducts elections below its established time targets in more than 90 percent of cases.

31.    The new Rule introduces no new time targets for representation elections, further undermining the rational basis for radically altering procedures that have met the Board's established time targets for many years.

32.     The new Rule promotes speed in holding elections at the expense of all other statutory goals and requirements, including but not limited to Baker's free speech rights and the opportunity for a full and informed debate before an election.

33.     The new Rule also mandates, for the first time in the Board's history, that Baker gives its employees' personal phone numbers and email addresses to labor organizations. The Board acknowledged that "the privacy, identity theft, and other risks may be greater than the Board has estimated," but nonetheless concluded, without adequate justification and concern for employee rights, that these "risks are worth taking." 79 Fed. Reg. at 74,342.

34.     The new Rule's elimination of mandatory Board review of post-election disputes, during a period of dramatically reduced case loads, is arbitrary and capricious given the Board's statutory obligation to oversee the election process.

35.     The new Rule's elimination of mandatory Board review of post-election disputes, during a period of dramatically reduced case loads, is arbitrary and capricious given the Board's statutory obligation to oversee the election process.

36.     The new Rule concludes that it will reduce election-related litigation, despite available evidence that the new Rule's sweeping changes will reduce the high rate of election agreements, and will result in more, not less, litigation overall, including more litigation in federal court. As the dissenting Board Members explained: "An employer will now be forced to litigate in an unfair labor practice case, before the Board and in Federal court, issues that are currently reviewed by the Board in a post-election appeal as a matter of right. Given the process an employer must go through to have a Federal court of appeals review any disputed issue regarding an election, there is often substantial delay in the final resolution of the representation case." 79 Fed. Reg. at 74,451.

37.     Based on the above, the Board failed to meaningfully consider numerous legal, policy, and economic factors, or to articulate a rational basis for rejecting them.

38.     The Board's actions in adopting the new Rule are arbitrary and capricious, and the new Rule was enacted without observance of the necessary procedures required by law. 5 U.S.C. § 706(2)(A)-(D).

## PRAYER FOR RELIEF

WHEREFORE, Baker respectfully requests that this Court enter judgment in its favor and:

1.     Vacate and set aside the new Rule;

2.     Declare that the new Rule is contrary to the First and Fifth Amendments to the Constitution of the United States and to the Act, and in excess of the Board's statutory jurisdiction and authority;

3.     Declare that the Board violated the APA in issuing the new Rule;

4.     Declare that the new Rule is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law;

5.     Enjoin and restrain the Board, its agents, employees, successors, and all persons acting in concert or participating with the Board from enforcing, applying, or implementing (or requiring others to enforce, apply, or implement) the new Rule;

6.     Award Baker its costs of litigation, including reasonable attorney's fees; and

7.     Grant Baker such other relief as may be necessary and appropriate or as the Court deems just and proper.

Dated:  April 17, 2015

Respectfully submitted,

/s/ *Maurice Baskin*
Maurice Baskin (D.C. Bar No. 248898)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400 Telephone
202.842.0011 Facsimile
mbaskin@littler.com

*Counsel for Plaintiff Baker DC, LLC*

Firmwide 132939020.1 081218.1000