IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAKER DC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-00571 |
| v. | ) Judge Amy Berman Jackson |
| | ) |
| NATIONAL LABOR RELATIONS BOARD, | ) |
| | ) |
| Defendant. | ) |

**BRIEF OF CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, COALITION FOR A DEMOCRATIC WORKPLACE, NATIONAL ASSOCIATION OF MANUFACTURERS, NATIONAL RETAIL FEDERATION, AND SOCIETY FOR HUMAN RESOURCE MANAGEMENT AS** *AMICI CURIAE* **IN SUPPORT OF PLAINTIFF**

Kathryn Comerford Todd (D.C. Bar No. 477745)
Tyler Green (D.C. Bar No. 982312)
Steven P. Lehotsky (D.C. Bar No. 992725)
Warren Postman (D.C. Bar No. 995083)
U.S. CHAMBER LITIGATION CENTER, INC.
1615 H Street, N.W.
Washington, D.C. 20062
202.463.5337

*Counsel for Amicus Chamber of Commerce of the United States of America*

Linda Kelly (D.C. Bar No. 477635)
Patrick N. Forrest (D.C. Bar No. 489950)
MANUFACTURERS' CENTER FOR LEGAL ACTION
733 10th Street NW, Suite 700
Washington, D.C. 20001
202.637.3061

*Counsel for Amicus National Association of Manufacturers*

Allyson N. Ho (D.C. Bar No. 477589)
Charles I. Cohen (D.C. Bar No. 284893)
Michael W. Steinberg (D.C. Bar No. 964502)
Jonathan C. Fritts (D.C. Bar No. 464011)
David R. Broderdorf (D.C. Bar No. 984847)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.739.3000

*Counsel for Amici Curiae*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

STATEMENT OF INTEREST ......................................................................................................... 1

ARGUMENT ..................................................................................................................................... 3

CONCLUSION .................................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chamber of Commerce of U.S. v. NLRB*, 879 F. Supp. 2d 18 (D.D.C. 2012) ................................3

*Elrod v. Burns*, 427 U.S. 347 (1976) ............................................................................................5

**OTHER AUTHORITIES**

79 Fed. Reg. 74,308 (Dec. 15, 2014) ..............................................................................................1

NLRB, Case Results for Representation Cases ("RC") Filed April 14-17, 2015,
    http://www.nlrb.gov/search/cases ........................................................................................4

NLRB, Election Reports, http://www.nlrb.gov/reports-guidance/reports/election-reports ............4

**INTRODUCTION**

*Amici* are plaintiffs in Case No. 1:15-cv-00009-ABJ, filed on January 5, 2015, to challenge the NLRB's "ambush" or "quickie" election rule (the "Final Rule"), issued on December 15, 2014. Representation—Case Procedures, 79 Fed. Reg. 74,308, (Dec. 15, 2014). *Amici* have moved for summary judgment in that case, raising constitutional, statutory, and APA arguments against the Final Rule. The National Labor Relations Board (Board), the defendant in *amici*'s lawsuit, cross-moved for summary judgment. Both motions have been fully briefed since April 1, 2015.

*Amici* respectfully seek leave to file this brief addressing the overlap between certain issues in their case and issues raised by the Court in connection with plaintiff Baker DC, LLC's motion for a temporary restraining order. In *amici*'s case, the Board refused to voluntarily stay the effective date of the Final Rule to enable this Court a reasonable time to adjudicate the parties' dispute and also refused to expedite briefing. Now that the Final Rule has taken effect on April 14, individual companies (such as Baker DC) will be forced to seek temporary relief from the Rule. If this Court can quickly grant *amici*'s motion for summary judgment, then it would provide Baker DC—and the other 40 companies that already have been subjected to petitions for representation elections since the Final Rule took effect—with the relief they need to prevent the injuries outlined in *amici*'s summary judgment briefing and in Baker DC's motion. But at a minimum, *amici* agree that this Court should grant Baker DC's motion and put in place the temporary relief it seeks until this Court has the opportunity to resolve *amici*'s and Baker DC's challenges to the Final Rule on the merits.

**STATEMENT OF INTEREST**

The Chamber of Commerce of the United States of America is the world's largest federation of businesses and associations, directly representing 300,000 members and indirectly

representing more than three million U.S. businesses and professional organizations of every size and in every industry sector and geographic region of the country.

The Coalition for a Democratic Workplace represents millions of businesses of all sizes. Its membership includes hundreds of employer associations, individual employers, and other organizations that together employ tens of millions of individuals working in every industry and every region of the country.

The National Association of Manufacturers is the largest manufacturing association in the United States, representing small and large manufacturers in every industrial sector and in all 50 states.  Manufacturing employs nearly 12 million men and women, contributes roughly $2.1 trillion to the U.S. economy annually, has the largest economic impact of any major sector, and accounts for two-thirds of private-sector research and development.

The National Retail Federation is the world's largest retail trade association, representing discount and department stores, home goods and specialty stores, Main Street merchants, grocers, wholesalers, chain restaurants, and Internet retailers from the United States and more than 45 countries.  Retail is the nation's largest private sector employer, supporting one in four U.S. jobs—a total of 42 million working Americans.

The Society for Human Resource Management is the world's largest membership organization devoted to human resource management, representing more than 275,000 members in over 90,000 companies.

*Amici* collectively represent millions of employers and human resource professionals in companies covered by the NLRA and subject to the Final Rule.  These employers, in turn, employ millions of employees who are not currently represented by a union but are covered by

the NLRA and thus entitled to petition the Board to hold a representation election in accordance with the Final Rule's expedited procedures.

### ARGUMENT

As *amici* explained in their summary judgment briefing, this is the second time the Board has promulgated an election rule infringing employers' statutory and constitutional rights. *Amici*'s challenge to the Board's first such rule—promulgated in 2011—ultimately succeeded. *See Chamber of Commerce of U.S. v. NLRB*, 879 F. Supp. 2d 18 (D.D.C. 2012). *Amici*'s challenge to the 2011 rule proceeded on an expedited summary judgment briefing schedule to which the Board agreed. *Id.* (*see* Dkt. No. 14). The Board also voluntarily delayed implementation of the 2011 rule until the Court had resolved *amici*'s challenges to it.

Last January, before filing their lawsuit challenging the 2014 Final Rule, *amici* again proposed to the Board that the parties should brief their summary judgment motions on the same expedited briefing schedule that the NLRB agreed to three years ago. Under the schedule *amici* proposed to the Board, cross-motions for summary judgment would have been filed by January 30, 2015, and fully briefed by the end of February—leaving a month and a half for this Court to issue a decision before the Final Rule's April 14, 2015, effective date. *Amici* knew this schedule was compressed, but, as noted, it matched the one the Board previously agreed to in the litigation challenging the 2011 rule.[1] Either a voluntary stay or the expedited briefing schedule would have permitted the Court to resolve the merits of the dispute without the need for temporary injunctive relief.

This time, however, the Board rejected *amici*'s proposal to enter into a virtually identical briefing schedule. And in addition to rejecting expedited briefing that would have protected

---

[1] In the prior case, the Court issued a decision on the merits on May 14, 2012, which was after the effective date of the 2011 Final Rule but before the Board held any election under the expedited procedures established by the 2011 Final Rule. The Court vacated the 2011 Final Rule, so no election occurred under those expedited procedures.

3

*amici*'s members, the Board also refused to delay implementation of the Final Rule until the Court issued a decision on the merits of *amici*'s summary judgment motion.

*Amici* filed their motion for summary judgment and supporting brief on February 5, 2015, just 31 days after filing their complaint. Under the Court's local rules, *amici*'s motion would have been fully briefed by February 26. *Amici* asked the Board to brief the motion without delay or, if the Board wished to take significant extensions, to delay implementation of the Final Rule pending resolution of summary judgment motions. But the Board both sought a significant extension of time to respond to that motion and also refused to delay implementation of the Final Rule for a limited time to give the Court additional time to resolve the parties' dispute before the Final Rule would become effective. Ultimately, the Court ordered a briefing schedule that called for the cross-motions to be fully briefed by April 1. The case is now fully briefed on the merits and has been since that date.

In the five business days since the Final Rule took effect on April 14, 2015, at least 41 representation case petitions have been filed. *See* NLRB, Case Results for Representation Cases ("RC"), Filed April 14-17, 2015, http://www.nlrb.gov/search/cases (last visited Apr. 21, 2015).[2] The 41 employers facing these pending petitions—including Baker DC—are now suffering the harms outlined in *amici*'s summary judgment briefing: they do not have time to engage in the free speech necessary to ensure the "fullest freedom" for employees voting in the upcoming elections. *See* Pl. Memo in Support of MSJ, *Chamber of Commerce of U.S. v. NLRB*, Case No. 1:15-cv-00009-ABJ (D.D.C. Feb. 5, 2015) Dkt. No. 17, at 13-31 ("Pl. MSJ"). And this does not even begin to address the statutory rights of process and review that will be trampled. *See id.* On top of these injuries—and the Final Rule's APA shortcomings, *id.* at 31-40—employers are

---

[2] Monthly reports of elections are publicly available on the NLRB's website. *See* NLRB, Election Reports, http://www.nlrb.gov/reports-guidance/reports/election-reports (last visited Apr. 21, 2015).

now being required to disclose personal employee information and engage in compelled speech on behalf of the unions promoting the representation elections. *See* Memo in Support of TRO, *Baker v. NLRB*, at 5-11; Pl. MSJ, at 40-44.

If this Court can quickly grant *amici*'s motion for summary judgment, then it would provide Baker DC and the other 40 companies that already have been subjected to petitions for representation elections since the Final Rule took effect on April 14 with the relief they need to prevent the injuries outlined in *amici*'s summary judgment briefing and in Baker DC motion. But particularly because the loss of First Amendment freedoms for any length of time is intolerable, *see Elrod v. Burns*, 427 U.S. 347, 373 (1976), at a minimum an order temporarily enjoining the Board from implementing the Final Rule is warranted. Such an order need provide only a brief delay—just long enough for this Court to issue a decision on the merits of the fully briefed challenge to the Final Rule.

## CONCLUSION

For the foregoing reasons, the Court should quickly grant *amici*'s motion for summary judgment, which would provide relief for Baker DC and other individual companies now facing elections. At a minimum, *amici* agree that this Court should grant Baker DC's motion and put in place the temporary relief it seeks until this Court has the opportunity to resolve the challenges to the Final Rule on the merits.

| | |
|---|---|
| Dated:  April 21, 2015 | Respectfully submitted, |
| | /s/ Allyson N. Ho |
| Kathryn Comerford Todd (D.C. Bar No. 477745) | Allyson N. Ho (D.C. Bar No. 477589) |
| Tyler Green (D.C. Bar No. 982312) | Charles I. Cohen (D.C. Bar No. 284893) |
| Steven P. Lehotsky (D.C. Bar No. 992725) | Michael W. Steinberg (D.C. Bar No. 964502) |
| Warren Postman (D.C. Bar No. 995083) | Jonathan C. Fritts (D.C. Bar No. 464011) |
| U.S. CHAMBER LITIGATION CENTER, INC. | David R. Broderdorf (D.C. Bar No. 984847) |
| 1615 H Street, N.W. | MORGAN, LEWIS & BOCKIUS LLP |
| Washington, D.C. 20062 | 1111 Pennsylvania Avenue, N.W. |
| 202.463.5337 | Washington, D.C. 20004 |
| | 202.739.3000 |
| *Counsel for Amicus Chamber of Commerce of the United States of America* | *Counsel for Amici Curiae* |

Linda Kelly (D.C. Bar No. 477635)
Patrick N. Forrest (D.C. Bar No. 489950)
MANUFACTURERS' CENTER FOR LEGAL ACTION
733 10th Street, N.W., Suite 700
Washington, D.C. 20001
202.637.3061

*Counsel for Amicus National Association of Manufacturers*

6